# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**KENDRICK MONICE JONES, # 100622**                                    **PLAINTIFF**

**VERSUS**                                     **CIVIL ACTION NO. 3:18-CV-794-DPJ-FKB**

**MIRIA RAINEY, ET AL.**                                                        **DEFENDANTS**

## ORDER OF PARTIAL DISMISSAL

This pro se prisoner case is before the Court, sua sponte, for consideration of dismissal. Plaintiff Kendrick Monice Jones is a pretrial detainee at the Lauderdale County Detention Center, and he brings this action challenging the conditions of his confinement. The Court has considered and liberally construed the pleadings. As set forth below, Defendants Jane Davis, John Aikins, Jane Chesman, Jane Larson, and Casey Spears are dismissed, as are the claims regarding wrongs allegedly done to other inmates, tampering with mail and in forma pauperis ("IFP") Certificates, and denial of notary services.

I.     Background

Jones is being detained at the Lauderdale County Detention Center. The fifteen Defendants are employees of the jail, Sheriff Billy Sollie, and Lauderdale County. Jones claims hazardous and unsanitary conditions; extreme temperatures; inadequate food and water; tampered mail and IFP Certificates; denial of mental health and dental treatment; denial of notary services and religion; retaliation; excessive force; and wrongful disciplinary convictions.

First, Jones claims he has been subjected to hazardous conditions because the cells, including his, flood each time it rains. As a result, Jones says he slipped and fell when he jumped down from his top bunk, which is without a ladder. Jones asserts that he injured his back, ankle, knee, and neck as a result. Jones alleges that Defendant Lieutenants Miria Rainey

and Rigdon, Sheriff Sollie, the County, Major McCarthy, and Sergeant John Mowerly knew of the water "pour[ing] into the cells" through the windows. Pl.'s Resp. [9] at 1, 7-8, 10-11.

Jones next says he was electrocuted by exposed wires as he was cleaning his cell walls. Allegedly, "this had happened to the last 2 occupants before me in this cell. So this is not unknown by . . . Sollie, Major McCarthy, . . . Rainey, [or] Sgt Mowlery." *Id.* at 11.

Jones further contends the living conditions are unsanitary in six ways. First, the showers have a "foul black colored, pungent and sickening o[d]orous build up . . . containing skin, urine, [and] hair" that "pools up and squishes up from around the rusted, sharp and broken seals when one steps into the shower" and covers the inmates' feet in the shower. Compl. [1] at 8. For this, Jones sues the County, Sheriff Sollie, Major McCarthy, and Lieutenant Rainey. Second, the food trays and tray carts have black mold. Jones claims that McCarthy, Sollie, and Rainey are responsible. Third, the bathroom and tables are never cleaned. Rainey, the County, McCarthy, Sollie, and Lieutenant Rigdon are allegedly responsible for this. Fourth, the laundry does not get cleaned but returns "from the laundry room wet and more o[d]orous than when it went out." Pl.'s Resp. [9] at 1. The dirty laundry, Jones claims, caused bugs and parasites to crawl in his ears, eyes, buttocks, and nose. Rainey and McCarthy are sued for the alleged laundry situation. Fifth, he is given only one pair of underwear to wear for seven to eight days at a time, and for this he sues Rainey. And sixth, Defendant Officer Seals "play[s] in her ear" and hair while serving Plaintiff food and juice. *Id.* at 8. Major McCarthy was allegedly informed but did nothing. Jones claims he got a throat infection as a result of the unsanitary feeding practices.

Jones next claims that "extreme temperatures are given when someone gets on a g[ua]rd's nerves, freezing the population so badly the entire zone has to huddle in the bathroom . . . sleep with 2 to 3 jumpsuits on, [and] wear no less than 3 pair[s] of socks on a day to day

basis." Compl. [1] at 13. Jones appears to assert that Major McCarthy knew about this but did not stop it. Elsewhere Jones contends the "extreme temperatures" are caused by deteriorated window seals and the temperatures are "constant companions every day." Pl.'s Resp. [9] at 1. Jones maintains the cold is "so bad until you can't sleep and it gets into your bones." *Id.* at 10. Jones attributes the deteriorated window seals to Lieutenants Rainey and Rigdon, Sheriff Sollie, the County, and McCarthy's alleged deliberate indifference.

Jones next claims that the food in the jail is not served in adequate servings nor with sufficient calories. For this, Jones sues Sheriff Sollie, Major McCarthy, and Lieutenant Rainey.

Jones also avers the cold water in his cell does not work. For this, Jones names Defendants Sergeant Bennett, Officer Jane Dowdy, Lieutenant Rigdon, Major McCarthy, the Sheriff, and County.

Besides the alleged problems with his living conditions, Jones says his legal mail "is opened and tampered with." Compl. [1] at 9. According to Jones, on November 1, 2018, Defendant Casey Spears, the mail room clerk, opened Jones's letter from the American Civil Liberties Union. On another occasion Spears allegedly opened a letter to Jones outside of his presence, in retaliation for a prior grievance. "In one I did not get but 1 piece of paper & the other I did not receive my cover page." Pl.'s Resp. [9] at 9. "Some of my mail are missing pages and written on." *Id.* at 10. Allegedly, Sheriff Sollie is responsible, and McCarthy allegedly allowed Jones's mail to be held and censored. Spears and Lieutenant Rainey are also accused of hiding six IFP Certificates that Jones needed to file with this Court, which allegedly delayed his cases.

Jones further claims that he is being denied psychiatric treatment for "these conditions and fear of being hurt, killed and/or set up due to litigation and that my mother is dying of cancer

and just being locked up for a bench warrant and others were lifted." Compl. [1] at 11–12. Jones asserts that Lieutenant Rainey, Sheriff Sollie, the County, and Major McCarthy would not provide him treatment.

Jones also alleges that Sheriff Sollie and the County denied him dental treatment because of his inability to pay. Jones was allegedly in pain and at risk of losing teeth.

Jones next contends that Spears, Lieutenant Rainey, and the County have refused to notarize his documents. Rainey allegedly did so in retaliation for Jones's lawsuits and administrative grievances. Jones claims Major McCarthy was deliberately indifferent and that Sheriff Sollie is also at fault.

Jones next claims he has been denied the right to practice his religions because Sheriff Sollie allegedly will not allow "the Gospel preachers" to come to Plaintiff's housing zone, and he alleges no one is allowed to come and preach Islam. Pl.'s Resp. [9] at 2–3. Plaintiff allegedly practices Christianity and Islam and claims to be a "believer in all aspects of truth and religious doctrines," who does "not take to just one religion but all of them because there is truth in all of them." *Id.* at 2. Jones claims the Sheriff has denied him both a Koran and a Catholic Bible, even though Sollie issues free "Christian Doctrine Bibles." *Id.* at 3. The County allegedly does not allow religious caps or prayer rugs to be sold through the jail's commissary and does not give free Korans to the inmates.

Jones next claims that on June 19, 2018, Defendant Officer John Ponder maced him in the face when Jones refused to return to his housing zone because his life was in danger.

Jones next complains that he was subjected to wrongful discipline on two occasions. First Jones alleges that Sergeant Bennett found him guilty of having a garbage bag in his cell and Major McCarthy allowed him "to be punished to the max." *Id.* Jones claims that even though

4

garbage bags are considered contraband, Bennett and McCarthy allowed others to have them in their cells. Second, Jones claims Bennett locked him down for sixteen days without notice or a hearing. McCarthy allegedly knew and did nothing. Jones also contends that Officer Dowdy knew he was wrongfully locked down but did not intervene until the sixteenth day. At this point, Bennett allegedly told Jones he was locked down because he had argued with another inmate, but Jones claims the inmate was the "aggressor." *Id.* at 6. Bennett was allegedly acting in retaliation for Jones's lawsuits and administrative grievances.

Jones initiated this action, on November 15, 2018, under 42 U.S.C. § 1983. Besides the parties discussed above, Jones also sued Defendant Officers Jane Davis, John Aikins, Jane Chesman, and Jane Larson. They, along with Sergeants Bennett and Mowerly, Lieutenants Rainey and Rigdon, Major McCarthy, Sheriff Sollie, the County, and Officers Ponder and Dowdy are sued for alleged wrongs committed against other inmates. Jones seeks compensatory, punitive, and nominal damages as well as injunctive relief.

This is not the first time Jones has brought some of these claims in this Court. For example, the mail claim was also filed against Spears in three prior cases: *Jones v. Lauderdale County Detention Facility*, No. 3:18-CV-696, Pl.'s Resp. [19; 24] (S.D. Miss. 2018); *Jones v. Reed*, No. 3:18-CV-697, Pl.'s Resp. [18; 22] (S.D. Miss. 2018); and *Jones v. Nurse Daphane*, No. 3:18-CV-729, Pl.'s Resp. [13; 17] (S.D. Miss. 2018). The denial of IFP Certificates claim was filed against Lieutenant Rainey in *Lauderdale County*, 3:18-CV-696, Pl.'s Mot. [13] (S.D. Miss. Nov. 6, 2018). The denial of notary services claim was filed against Rainey and the County in *Lauderdale* County, 3:18-CV-696, Pl.'s Resp. [24], Pl.'s Pleadings [9–12] (S.D. Miss. 2018) and against Rainey in *Reed*, 3:18-CV-697, Pl.'s Pleadings [8–11] (S.D. Miss. Oct. 31, 2018). The notary claim was likewise filed against Rainey, Sheriff Sollie, and Major McCarthy

in *Nurse Daphane*, 3:18-CV-729, Pl.'s Resp. [17], Pl.'s Pleadings [4–5] (S.D. Miss. 2018). This list of duplicate claims is by no means exhaustive.

II.     Discussion

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding IFP in this Court. One of the provisions provides, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1987)). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Jones to proceed IFP in this action. The Complaint is subject to sua sponte dismissal under § 1915.

Jones brings this action under § 1983. In addition to allegations regarding the conditions of his confinement, Jones seeks damages based on wrongs done to other inmates, the handling of his legal mail and IFP Certificates, and refusal of notary services.

   A.     Wrongs Done to Other Inmates

First, Jones sues Lieutenants Rainey and Rigdon; Sheriff Sollie; Officers Davis, Aikins, Ponder, Chesman, Dowdy, and Larson; Sergeants Mowerly and Bennett; the County; and Major McCarthy, for wrongs allegedly done to others. Jones refers to these others as "additional Plaintiffs." Pl.'s Resp. [9] at 3. Even though Jones references thirteen additional inmates who also signed the Complaint, only Jones filed a motion to proceed IFP. Therefore, Jones is the only plaintiff in this case.

It is well settled that "a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990). "[L]ike all persons who claim a deprivation of constitutional rights," each plaintiff is "required to prove some violation of [his or her] personal rights." *Coon v. Ledbetter*, 780 F.2d 1158, 1160-61 (5th Cir. 1986). Jones's claims based on wrongs done allegedly to anyone other than himself are dismissed with prejudice—as to him—as frivolous and for failure to state a claim.

B.  Mail

Next, Jones sues Sheriff Sollie, Spears, and Major McCarthy, because on two occasions Spears allegedly opened Jones's incoming legal mail outside of his presence, in retaliation for a prior grievance. Jones claims the two letters were censored, because one letter only contained one piece of paper, one letter did not have a cover page, and some mail was written on.

At the time it was raised in this case, the mail claim was already pending against Spears in *Lauderdale County*, *Reed*, and *Nurse Daphane*. The claim was subsequently dismissed as malicious in the latter two cases. *Nurse Daphane*, 3:18-CV-729, Order [23] (S.D. Miss. Feb. 27, 2019); *Reed*, 3:18-CV-697, Order [26] (S.D. Miss. Jan. 31, 2019). It is "'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same

plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). Since the mail claim was previously pending in other civil actions, it is dismissed here as malicious.

Additionally, the *Lauderdale County* Court has since dismissed the mail claim with prejudice as frivolous and for failure to state a claim upon which relief could be granted. 3:18-CV-696, Order [45] (S.D. Miss. Mar. 20, 2019). "[I]n forma pauperis complaints may be dismissed as frivolous if the seek to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff." *Pittman*, 980 F.2d at 994. A prisoner proceeding under § 1915 is not entitled "to avoid the ordinary rules of res judicata." *Id.* Were Jones to proceed on the merits of his mail claim, he would be relitigating a claim already dismissed in *Lauderdale County*, *i.e.*, whether the way his incoming legal mail was handled violated the First Amendment. The Court finds the mail claim is also frivolous; therefore, it is dismissed with prejudice.

  C.  IFP Certificates

Spears and Lieutenant Rainey are accused of hiding six IFP Certificates that Jones needed to file with this Court. This claim was first filed in *Lauderdale County* against Rainey, where it is currently pending. This claim is malicious and is dismissed without prejudice as to the prior pending lawsuit of *Lauderdale County* and is dismissed with prejudice in all other respects. *Id.* at 995.

  D.  Notary Services

Jones further sues Spears, Lieutenant Rainey, the County, Major McCarthy, and Sheriff Sollie for an alleged refusal to notarize his documents. Rainey allegedly did so in retaliation for Jones's lawsuits and administrative grievances.

The notary claim was first filed against Lieutenant Rainey and the County in *Lauderdale County*, where the claim is still pending. Additionally, the claim was previously raised against Rainey in *Reed* and against her, Sheriff Sollie, and Major McCarthy in *Nurse Daphane*. The *Reed* Court subsequently dismissed the notary claim with prejudice as frivolous and for failure to state a claim. 3:18-CV-697, Order [26] (S.D. Miss. Jan. 31, 2019). The *Nurse Daphane* Court has since dismissed the claim as both malicious and frivolous. 3:18-CV-729, Order [23] (S.D. Miss. Feb. 27, 2019). The notary claim in the present case is therefore malicious and frivolous and will be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the claims based on wrongs done to others should be, and are hereby, **DISMISSED WITH PREJUDICE** as to Jones because they are frivolous and fail to state a claim. Defendants Jane Davis, John Aikins, Jane Chesman, and Jane Larson are therefore dismissed.

**IT IS FURTHER ORDERED AND ADJUDGED** that the mail and notary claims are **DISMISSED WITH PREJUDICE** as malicious and frivolous.

**IT IS FURTHER ORDERED AND ADJUDGED** that the denial of IFP Certificates claim is malicious. It is **DISMISSED WITHOUT PREJUDICE** as to the prior pending lawsuit of *Jones v. Lauderdale County Detention Facility*, No. 3:18-CV-696-HTW-LRA, and is dismissed **WITH PREJUDICE** in all other respects. Defendant Casey Spears is finally dismissed. The remainder of the case shall proceed.

**SO ORDERED AND ADJUDGED** this the 28th day of June, 2019.

                                                  s/ *Daniel P. Jordan III*
                                                  CHIEF UNITED STATES DISTRICT JUDGE