IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENDRICK MONICE JONES                                                                    PLAINTIFF

VS.                                                        CIVIL ACTION NO. 3:18cv794-FKB

MIRIA RAINEY, et al.                                                                  DEFENDANTS

### OMNIBUS ORDER

Kendrick Monice Jones, now a state prisoner, filed this action pursuant to 42 U.S.C. § 1983 bringing claims arising out of his pre-trial detention at the Lauderdale County Detention Facility. On August 19, 2020, an omnibus hearing was held in which Plaintiff participated by video conference. The parties have consented to jurisdiction by the undersigned. Having considered Plaintiff's testimony at the omnibus hearing, having conferred with counsel for Defendants at the hearing, the Court finds and orders as follows.

*Defendants and Claims*

On January 9, 2020, after unsuccessful attempts were made to serve Defendants Charles Ponder and Latishia Seales at their last known addresses, the Court entered a show cause order [44] directing Plaintiff to show cause as to why these defendants should be dismissed. Plaintiff responded [45] but failed to show sufficient cause. Accordingly, these defendants are hereby dismissed for failure to prosecute.

Defendants filed a suggestion of death as to Defendant Jonathan Mowery [40] (sued as "Jonathan Mowerly") on November 13, 2019. Plaintiff has made no

substitution of a new party. This defendant is dismissed pursuant to Fed. R. Civ. P. 25(a).

Remaining are the following defendants: Lt. Miria Rainey, Sheriff Billie Sollie, Lauderdale County, Lt. Latoya Bennett, Lt. Jodi Dowdy, Lt. Virgil Rigdon, and Maj. Melissa McCarter. Against them, Plaintiff asserts claims for hazardous and unsanitary conditions, extreme temperatures, inadequate food and water, denial of mental health treatment, denial of dental treatment, retaliation, and wrongful disciplinary actions.[1] Plaintiff has been granted *in forma pauperis* status, and thus his claims are subject to the provisions of 28 U.S.C. §§ 1915 and 1915(A). Having considered Plaintiff's allegations in his complaint, his filings in response to an order to clarify his claims, and his testimony at the omnibus hearing, the Court concludes that several of Plaintiff's claims should be dismissed pursuant §§ 1915 and 1915(A) for failure to state a claim.

Plaintiff has asserted against Rainey, Sollie, Lauderdale County, and McCarthy claims for denial of psychiatric treatment. A pretrial detainee has a due process right to medical care. *See Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996). The right is equivalent to the Eight Amendment right enjoyed by convicted inmates. *Id.* Thus, a pretrial detainee seeking to recover for a denial of medical care must allege deliberate indifference to serious medical needs. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish deliberate indifference, a plaintiff must show that the defendant "refused to treat him, ignored his

---

[1] Several claims were previously dismissed by the district judge. See [13]. Plaintiff's excessive force claim survived the district judge's dismissal, but it was asserted solely against Defendant Ponder, one of the unserved defendants dismissed herein.

complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756 (5th Cir. 2001).  Plaintiff's allegation is that these defendants failed to provide him treatment for problems he suffered as a result of jail conditions, his fear of being hurt or killed, being locked up, and his mother's impending death.  [1] at 11-12.  He does not say that he suffered from a mental illness or any other serious medical need.  This allegation is insufficient to state a claim for deliberate indifference.  Accordingly, these claims are dismissed.

The remainder of Plaintiff's claims will proceed before the Court.  Those claims are as follows:

> That Sollie and Lauderdale County denied him dental treatment for a painful condition;
>
> That he was wrongfully disciplined by Bennett and McCarthy for having a garbage bag in his cell;
>
> That he was wrongfully placed in lockdown by McCarty, Dowdy, and Bennett for arguing with another inmate; and
>
> That all defendants caused and/or allowed him to be detained in unconstitutional conditions or to be subjected to unconstitutional practices, consisting of poor sanitation, flooding of his cell, lack of cold water in his cell, inadequate food, inadequate clothing, freezing temperatures, and unsanitary laundry practices.

This matter is set for a bench trial before the undersigned on Wednesday, April 28, 2021, at 1:00 p.m.

Upon motion of Plaintiff, the Court will secure the presence at trial of up to three incarcerated witnesses if the Court concludes that their testimony is relevant.  Plaintiff shall include in any such motion the prisoner identification number and correctional

facility in which the witness is housed and shall state in detail the nature of the proposed testimony and explain how it is relevant to the factual issues of Plaintiff's claim. Such motions shall be filed no later than 30 days prior to trial.

Should any of Plaintiff's witnesses be or become "free world," Plaintiff shall be responsible for securing their voluntary presence at trial. Should a "free world" witness refuse to appear voluntarily, Plaintiff shall adhere to the following procedure to secure the witness's presence: No later than 30 days prior to trial, Plaintiff shall file a motion requesting that a subpoena be issued for the witness. The request shall include the name and address of the witness and shall be accompanied by the witness fee and expense payment required by Rule 45 of the Federal Rules of Civil Procedure.

Discovery shall be limited to 25 interrogatories, 25 requests for production, and 25 requests for admission. All discovery shall be concluded by January 29, 2021. Any dispositive motions shall be filed by February 12, 2021.

So ordered, this the 9th day of October, 2020.

/s/ F. Keith Ball
United States Magistrate Judge